# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00360-MR
# [Criminal Case No. 1:08-cr-00082-MR-1]

| | |
|---|---|
| VINCENT LAMAR BOULWARE, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

Petitioner pleaded guilty to three counts of bank robbery and was sentenced to a total of 188 months' imprisonment. [Criminal Case No. 1:08-cr-00082-MR ("CR"), Doc. 97: Judgment]. Petitioner appealed, and on June 15, 2011, the Fourth Circuit dismissed the appeal in part and affirmed in part the judgment of this Court. [CR Doc. 125].

Petitioner placed the instant petition in the prison mailing system on October 27, 2016, and it was stamp-filed in this Court on October 31, 2016. [Doc. 1]. As his sole claim in his Section 2255 petition, Petitioner contends that Amendment 794 to U.S.S.G. § 3B1.2 makes him eligible for a minor role adjustment to his sentence. [Id. at 4].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner is not entitled to relief under Section 2255. Here, the claim Petitioner purports to raise is in substance one of sentencing relief under 18 U.S.C. § 3852, based on a retroactive amendment to the sentencing guidelines, and Petitioner must seek such relief on this claim, if at all, by filing a motion in his criminal case. See United States v. Jones, 143 F. App'x 526,

527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as Section 2255 motions); Ono v. Pontesso, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); see also United States v. Mines, No. 3:09-cr-106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582"). Thus, the Court will dismiss this action without prejudice to Petitioner to bring a motion for reduction of sentence in his underlying criminal action.[1]

---

[1] Alternatively, even if the relief sought here were properly brought through a Section 2255 motion to vacate, Petitioner has already filed one Section 2255 motion to vacate, which this Court denied and dismissed with prejudice on the merits. [CR Docs. 127, 134]. Thus, even if his claim were properly brought under Section 2255, it would appear to be an unauthorized successive petition.

3

## CONCLUSION

For the reasons stated herein, the Court will dismiss the Section 2255 petition without prejudice to Petitioner to file a motion for a sentence reduction in his criminal action.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 28, 2016

Martin Reidinger
United States District Judge